EXHIBIT

A

ELECTRONICALLY FILED - 2021 Mar 11 11:44 AM - NEWBERRY - COMMON PLEAS - CASE#2021CP3600098

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE EIGHTH JUDICIAL CIRCUIT |
| COUNTY OF NEWBERRY | ) | CASE NO.:  2021-CP-36-_____ |
| | ) | |
| Marlene Satterfield, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Summons** |
| | ) | (Premises Liability) |
| Pilot Travel Centers, LLC | ) | (Jury Trial Requested) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to appear and defend the action(s) set forth in the Complaint herein, a copy of which is served upon you, and to serve a copy of your Answer or Motion to the said Complaint on the Joye Law Firm at 5861 Rivers Avenue North Charleston, SC 29406, within thirty (30) days after service hereof, exclusive of the day of service, and if you fail to appear and defend within the time aforesaid, judgment by default will be entered against you for the relief demanded in the Complaint.

JOYE LAW FIRM, L.L.P.

By:     s/Jeffrey Gerardi
       _____
       Jeffrey Gerardi
       P.O. Box 62888
       5861 Rivers Avenue (29406)
       North Charleston, SC 29419
       Office:  843-554-3100
       Facsimile:  843-529-9180
       jgerardi@joyelawfirm.com

       Attorney for the Plaintiff

North Charleston, South Carolina
This 11th day of March, 2021.

ELECTRONICALLY FILED - 2021 Mar 11 11:44 AM - NEWBERRY - COMMON PLEAS - CASE#2021CP3600098

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE 8th JUDICIAL CIRCUIT |
| COUNTY OF NEWBERRY | ) | CASE NO.:  2021-CP-36-_____ |
| | ) | |
| Marlene Satterfield, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| versus | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Pilot Travel Centers, LLC | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, complaining of the Defendant herein, would respectfully show unto this Honorable Court as follows:

## THE PARTIES

1.   The Plaintiff, Marlene Satterfield is a citizen of the State of South Carolina, resident of Charleston County.

2.   Defendant Pilot Travel Centers, LLC is a foreign limited liability company organized, existing under the laws of the State of Delaware and authorized to do business in South Carolina. It may be served through its registered agent C.T. Corporation System, 2 Office Park Court Suite 103, Columbia, SC 29223.

## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over this controversy in accordance with Article V §11 of the South Carolina Constitution.

4.   This Court has personal jurisdiction over Defendant pursuant to S.C. Code §36-2-802   & §36-2-803.

5.   This Court is the proper venue for the controversy pursuant to S.C. Code §15-7-30.

## FACTUAL ALLEGATIONS

6.   The Plaintiff incorporates all previous paragraphs be referenced as if fully set forth herein.

ELECTRONICALLY FILED - 2021 Mar 11 11:44 AM - NEWBERRY - COMMON PLEAS - CASE#2021CP3600098

7.    Defendant Pilot Travel Centers, LLC (hereinafter "Pilot") is purveyor of gas stations and travel centers nationally.

8.    Pilot owns and operates a travel center located in Newberry Country at 2221 SC Highway 773 in Prosperity, South Carolina (hereinafter "Travel Center").

9.    The Travel Center is conveniently located off of Interstate 26 and is frequently visited by truckers and traveler.

10.    The Travel Center contains gas pumps, diesel fuel lanes, a convenience store, a Wendy's restaurant, a Cat Scale, 58 public parking spaces and 6 showers.

11.    The Travel Center is located immediately adjacent to the highway and is designed for easy and speedy access for motorists who are travelling on Highway 26.

12.    Defendant Pilot owns and operates the Wendy's franchise #4580 located at the Travel Center.

13.    On September 12, 2018, Plaintiff Marlene Satterfield was travelling on Highway 26 as she was evacuating Charleston County due to Hurricane Florence.

14.    The Plaintiff was dining inside the Travel Center at the Wendy's restaurant.

15.    The parking lot at the Travel Center immediately in front of the Wendy's was configured in such a way that parking cars were pointed directly at the pedestrian walkway and also, consequently, at any pedestrians using such walkway.

16.    The Travel Center and the Wendy's did not have any protective barriers between the parking cars and the pedestrian walkway.

17.    The Travel Center and the Wendy's did not have signs, speed bumps, bollards, or any other safety measures to protect the pedestrian walkway from parking cars.

ELECTRONICALLY FILED - 2021 Mar 11 11:44 AM - NEWBERRY - COMMON PLEAS - CASE#2021CP3600098

18.    Pilot knew or should have known that directing parking cars toward a pedestrian walkway in front of a Wendy's without providing any safety precautions to protect pedestrians and customers and would pose a hazard to pedestrians and customers like the Plaintiff.

19.    The Wendy's knew or should have known that directing parking cars toward a pedestrian walkway in front of a Wendy's without providing any safety precautions to protect pedestrians would pose a hazard to pedestrians like the Plaintiff.

20.    The Plaintiff was seated in the Wendy's restaurant.

21.    At no time did the Plaintiff enter the parking area.

22.    The only thing separating the Plaintiff and parking spaces pointed toward the pedestrian walkway and the Wendy's was a curb and the wall of the building.

23.    The Plaintiff was sitting inside Wendy's when she was suddenly and without warning struck by a parking vehicle.

24.    The Plaintiff was struck with such force that she flew about 5 feet.

25.    The Plaintiff came to rest inside the Wendy's under the vehicle and other debris.

26.    The force of the impact caused Plaintiff to suffer severe injuries, including head laceration, finger laceration, neck and right knee effusion.

27.    The Plaintiff has continued to suffer pain and discomfort on a daily basis and she has been advised by her physicians that some of her injuries are permanent and will worsen over time.

ELECTRONICALLY FILED - 2021 Mar 11 11:44 AM - NEWBERRY - COMMON PLEAS - CASE#2021CP3600098

28. As a result of the conduct of the Defendants complained of herein, the Plaintiff has suffered permanent injuries, incurred medical expenses, endured pain and suffering, disability and lost much of the enjoyment of her life, and suffered other damages to be determined by a jury.

## NEGLIGENCE
### As to Defendant Pilot Travel Center

29. Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

30. Defendant owed Plaintiff a duty of care under the applicable statutory and common law of South Carolina.

31. Pilot knew or should have known that directing parking cars toward a pedestrian walkway in front of a Wendy's without providing any safety precautions to protect pedestrians would pose a hazard to pedestrians like the Plaintiff.

32. Pilot knew or should have known that the dangerous condition existed and took no steps to protect its customers.

33. Pilot breached its duty of care and its conduct and/or omission, as set forth herein, was negligent, careless, reckless, and in wonton disregard of the safety of the Plaintiff in the following particulars which will be shown at trial:

   a. Failing to take sufficient safety precautions to protect its customers and others who might use the pedestrian walkway and dine on their premises;

   b. Failing to provide adequate warnings to its customers and others who might use the pedestrian walkway and their premises;

   c. Failing to design, operate, and maintain a pedestrian walkway and parking area in accord with the appropriate safety standards;

ELECTRONICALLY FILED - 2021 Mar 11 11:44 AM - NEWBERRY - COMMON PLEAS - CASE#2021CP3600098

d.  Failing to design, operate, and maintain a gas station in accord with the appropriate safety standards;

e.  Failing to design, operate, and maintain a restaurant in accord with the appropriate safety standards;

f.  Creating unnecessary and unreasonable risks to patrons by placing parking spaces immediately abutting the pedestrian walkway and directing parking cars toward the pedestrian walkway and their building;

g.  Failing to bring the building safety standards and/or code at the time of renovations;

h.  In such other particulars as the evidence at trial may show;

34.  That as a direct and proximate result of Pilot's negligence, negligence per se and/or gross negligence as set out above, the Plaintiff has suffered serious permanent injuries and disability, incurred medical expenses, endured pain and suffering, will require future medical care, lost much of the enjoyment of her life, and has incurred other damages to be determined by the jury.

## PRAYER FOR RELIEF

**WHEREFORE**, and for all the foregoing reasons, Plaintiff prays that she be awarded actual, consequential, and punitive damages in an amount to be determined by a jury, for such other relief as this Court may deem just and proper and that the Defendants should be held liable, joint and severally, for all such damages in accordance with South Carolina Code Ann. § 15-38-15.

[Signature on Following Page]

JOYE LAW FIRM, L.L.P.

By: _____s/Jeffrey Gerardi_____
        Jeffrey Gerardi
        P.O. Box 62888
        5861 Rivers Avenue (29406)
        North Charleston, SC 29419
        Office:  843-554-3100
        Facsimile:  843-529-9180
        jgerardi@joyelawfirm.com

        Attorney for the Plaintiff

North Charleston, South Carolina
This 11th day of March, 2021.

ELECTRONICALLY FILED - 2021 Mar 11 11:44 AM - NEWBERRY - COMMON PLEAS - CASE#2021CP3600098